Good morning. May it please the court. My name is Molly Quinn, and I represent the appellant Justin Thomas Morales. We're asking the court to reverse the order denying Mr. Morales' 2255 motion and remand for the district court to vacate his sentence and hold a new sentencing hearing without the enhancement for a felony drug offense. Mr. Morales was sentenced in May 2018 for conspiracy to distribute a controlled substance. His statutory sentencing range was enhanced for having a prior conviction for a felony drug offense, and he's argued in his 2255 petition that defense counsel was ineffective in failing to challenge whether that prior conviction, the 2003 Kansas conviction for possession of marijuana, was overbroad under the categorical approach. And I'll start with the issue of the merits. The 2003 Kansas conviction did not qualify as a felony drug offense. I think it's undisputed at this point that the Kansas statute was overbroad, meaning that it covered at least three substances not covered by the federal drug schedules. Those are butyl nitrite, benzylfentanyl, and phenylfentanyl. And the statute was also indivisible as to drug type, meaning that the particular substance, we believe, was not an element of the offense under the Kansas statute Mr. Morales was convicted of. What case says that, that it's not divisible as to drug type? Or is that just your position? It is, yes. I see. I don't have a direct case to cite. And I do, on the divisibility issue, I do need to start by acknowledging this Court's opinion in Rincon, which addressed, I guess, a newer and updated version of Kansas' drug statutes, a different subsection. My understanding of what happened in Kansas law is a couple of different prior statutes were combined into the current statute. And this Court in Rincon did address subsection A, which came from a different but neighboring statute as Mr. Morales' statute of conviction from back in 2003. And, of course, in that case, this Court did address that updated version and held that subsection A is divisible by a drug type. I think I'm kind of at the point where if this Court finds that Rincon controls the divisibility question, we would preserve our arguments that we'll make today for further review. I would note that with the new Kansas statute is admittedly similar. It does look similar to the prior statutes. It does have some more clear markers of divisibility in that there are, in the new drug statute, there are different penalties with respect to some substances. That was not the case at the time of Mr. Morales' conviction under the old drug statute. And I think today, in particular, what I'm calling the new statute or as of 2009, the new statute does have a different penalty for possession of marijuana or THC. That was not the case at the time of Mr. Morales' conviction. So I think that that actually weighs in favor of a finding that the statute was indivisible at the time in the sense that the legislature has now decided to make different penalties for particular substances. And the two main State cases that we would point to for the divisibility issue are State v. Thompson, which is a published Kansas Supreme Court opinion, and State v. Stotts, which is an unpublished Court of Appeals opinion. And these cases admittedly did address different statutes, but they did find that in the context of those statutes that they didn't address the federal divisibility question, but in Thompson, the Court addressed possession of multiple precursors essentially for the intention of creating methamphetamine and found that even if a person possessed multiple precursors of the listed substances, that that was one offense. And in State v. Stotts, that is the unpublished opinion from 2011, the Kansas Court of Appeals or the Court of Appeals of Kansas addressed the possession of paraphernalia statute and found that there was no clear error in a jury instruction that just listed the term controlled substance, not the particular substance. And in the course of doing that, it can't be said that the identity of the substance as marijuana was an essential element of the crime. And so we do acknowledge those are different statutes, but we think that that provides strong authority for finding that Mr. Morales' 2003 conviction was under a statute that's indivisible. I'd like to, on the divisibility question, address the topic of jury instructions. I know that there is a 2002 Kansas Court of Appeals opinion in Lundquist, State v. Lundquist, which did approve, admittedly, a jury instruction saying that the jury had to find that the defendant possessed marijuana. But I think that it's important not to overread that case and other similar cases where the Kansas courts have approved jury instructions specifying a particular substance. In that case, the defendant actually agreed that that instruction was adequate. And the jury in that case was a different part of the instruction about whether the jury should be instructed whether any amount of marijuana was sufficient. And so that case, the Lundquist case, did not hold that the substance, the particular substance, was an element. It did not hold that the jury must unanimously agree that the substance was marijuana in that case. And it did not hold that a defendant could be convicted of multiple counts of possession based on different substances. If there are no other questions or thoughts on divisibility, I'll move on to the government's argument. And the district court's finding that this argument would have been novel at the time and that defense counsel cannot have been ineffective. Our position is that defense counsels could Doesn't it require novel? Is the standard novelty or is the standard something softer than that? Fair question. In other words, if there was some uncertainty about the law, it may not have been a novel argument. But still, I thought we'd said maybe that unless the law is pretty clear, counsel is not deemed ineffective for pursuing, declining to pursue an issue that's not settled. And I, to be clear, I'm using novelty as kind of a shorthand. That's how the parties would refer to it. Sure. Well, is that what you mean by novelty, just unsettled? I guess I don't agree that if an argument is merely unsettled, that that would necessarily mean that defense counsel could not be ineffective under Strickland. How would you articulate the responsibility of counsel? I would, and I think that this is a unique case. I don't mean to dodge the question, but I think we're not trying to ask the court to define novelty as to this type of argument as of 2018 for every offense. We're asking the court in the context of a Kansas conviction where the Supreme Court expressly addressed that statute in the Lulee v. Lynch in 2015, that in that case, and I'll kind of get back to the standard question, this court has said that if there's controlling legal authority that clearly portends the issue would be successful, then that is enough to, and I'm going to go back to novelty, not be novel under Strickland. All right. So if there's authority that clearly portends the result that the defendant would seek, then counsel is obliged to raise it in order to be effective. This court, I guess, the cases usually are kind of set in the opposite. They say because there wasn't clearly controlling authority that portended this would have been successful, counsel was not ineffective. But I think that even if we take that standard, I think that we can meet it here, and it's that combination of the three cases that we've talked about, which is this court's opinion in Brown in 2010, which applied a categorical approach to felony drug offenses, rejecting the fact-based approach inciting Taylor, the 1990 Supreme Court case, Lulee v Lynch that I already mentioned, where the Supreme Court expressly highlighted and flagged that Kansas drug schedules are overbroad for nine substances, at least one of which is the butyl nitrate, which is at issue and covered by Mr. Morales' statute, and then Mathis, which, of course, the Supreme Court decided in June of 2016. And I think that in this circuit is very important for this question of what should defense counsel have done at the time, because before June of 2016, this court was applying the modified categorical approach in a way that as long as the statute was disjunctive, if the defendant, in fact, committed the offense in a way that would meet the federal definition or the generic definition, then that conviction qualified. And so before June of 2016, there would have been no reason in this circuit to challenge a prior drug conviction where the defendant, in fact, possessed marijuana like Mr. Morales did. And so we think that those three cases are enough to put a reasonable defense counsel on notice that they should have raised this argument at the time of Mr. Morales' sentencing in 2018. And if I could, I would reserve the remaining time. Thank you. If you may. Thank you. Thank you for your argument. Mr. Collin, I will hear from you. Good morning, Your Honors. May it please the Court. My friend and colleague, Ms. Quinn. My name is Kevin Collin. I'm with the government, and I'm here asking this Court to affirm the dismissal of this 2255. As my colleague just said, this Court decided in the Rincon v. Garland case essentially the issue that's before the Court now. And I grant that the Kansas statutes have changed, but frankly, the parameters of or the reasons why this as it did apply to Mr. Morales' statute of conviction. That is, it used the term any before the substances, which this Court has found persuasive on the question of divisibility. And it also analyzed jury instructions, which approved inserting the particular controlled substance within the jury instructions, and likewise analyzed some cases, including the Thompson case, in which there the Kansas Supreme Court discussed the statute and talked about how if the argument . . . Thompson involved some different facts. It was about someone who had precursors to methamphetamine production, but the State made the argument, and the Court in dicta essentially stated that the particular controlled substance is an element of the offense. This Court decided that issue, that it is a divisible statute, and the very same analysis applies here. I think that . . . Mr. Quinn pointed to a couple of changes, though. I think something having to do with the punishment being separate in the newer statutes, which I think was what Rincon was looking at. Yeah, I think that's right, that the newer statute differentiates a different penalty for marijuana in particular. As this Court has said multiple times, when a statute has different penalties for different substances, that's nearly definitive that it is a divisible statute, but when it does not, which would be Mr. Morales' statute of convictions, then it's just simply inconclusive on that question. So, I think we're in that. The penalty portion of this analysis, I think, is inconclusive here, and then we go to these . . . The meaning of the analysis you say applies under Rincon. Is the same, is really the same. Now, as the briefing has laid out, and I know this case has been briefed a number of times, but there's a number of paths to the same result here, and the other path is this novelty argument that the government has made repeatedly. I don't mean to repeat myself. I've said it in the briefings, but as the district court really laid out in its order, if defense counsel had been placed on the sort of notice to make this argument in May of 2018, and they failed to do so, they were in very good company. There were district courts within the circuit who didn't see this U.S. v. Brown opinion back in 2010 as clearly portending this argument. And, of course, this court continues to grapple on a daily basis with the categorical approach and how it applies to these isomer mismatch arguments. It's a complicated area of the law, and this goes more to the prejudice prong, but it's important that in this case, we have defense counsel who made a successful argument about this prior marijuana conviction. And what I say that is the argument was that there were some inadequacies with the plea on this conviction, and ultimately, the district court found that this was a reason to deviate down from the guidelines. So, oddly enough, this prior that qualifies as an 851 enhancement was a reason this guy got a lower sentence, according to the very same district court who sentenced him. So, like I say, there's a number of paths here to the same conclusion, which is that this matter, the district court's dismissal of this 2255 should be affirmed. Very well. Thank you for your argument. Anything further, Ms. Quinn? All right. We'll hear brief rebuttal. Thank you, and I will be brief. On the question of whether defense counsel was ineffective or failing to anticipate this argument that we've been calling novelty, Mr. Cullinan mentioned the complexities of isomer mismatch arguments, and I think that that is a difference between this case and some of the later cases, and Judge Easterbrook's dissent in that Seventh Circuit Coleman case, that this argument is based on comparing the two drug schedules and identifying substances that appear here on Kansas and not on the federal schedule. This is not requiring us to get into what are isomers, what isomers are covered by each one, and so I think that Mr. Morales has a stronger claim that defense counsel should have known and raised this issue at the time than defendants raising that argument with respect to what I call isomer overbreath. And then I would just briefly respond to Mr. Cullinan's argument that the district court used this conviction to downward bury. That is true. I think that the record is clear, and I won't repeat it all here. It's in the briefs that the fact of this 851 did have a significant impact on how this case progressed, the decisions that Mr. Morales made to proceed to trial, which meant that the district court heard days of aggravating factors about the case and that he did not appear with acceptance of responsibility. We would ask the Court to reverse the order denying the 2255 motion. Thank you. I understood. Thank you for your argument. Thank you to both counsel. The case is submitted. That concludes the argument session for this morning and for the week. The Court will be in recess until further call at the docket.